# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76738-1-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| KYLE S. BRYCELAND, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: July 31, 2017 |

2017 JUL 31 AM 9:24

COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

SPEARMAN, J. — In a criminal trial, the State cannot comment on the defendant's exercise of the right to silence. Here, because appellant, Kyle Bryceland, did not exercise his right to silence prior to trial, any reference to his pretrial discussions does not implicate that right. In addition, the admission of statements from a recorded jail call was not an error because they were relevant as adopted statements indicating consciousness of guilt and not unfairly prejudicial. Nor did the statements impermissibly comment on the right to silence or shift the burden of proof. We affirm.

## FACTS

On the evening on November 12, 2016, Kyle Bryceland was driving Chris Jones and Angelo Lundy to pick up Hunter Trerise and Devon Klug at Trerise's house. Jones got out of the car just shy of Trerise's house. Trerise and Klug joined Bryceland and Lundy in the car. Then Bryceland unexpectedly pulled into the alleyway behind Trerise's house. He and Lundy got out of the car to move a

backpack from the back seat to the trunk. A man walked down the alleyway toward the car. Wearing a bandana over his face, he approached Trerise's open car window, stuck a gun through it, and demanded that Trerise give him everything he had. Trerise gave the man his bracelet and watch, and he and Klug got out of the car. Trerise ran back to his house and called the police.

Bryceland and Lundy observed the robbery from outside of the car. They did not run away. Afterwards, Bryceland and Lundy took off in the car with Jones, who had rejoined them. The three drove to a nearby convenience store, where they were arrested by police. Trerise identified Jones as the gunman.

That night, Detective Matthew Thuring interviewed Bryceland about the incident. The detective read Bryceland his rights pursuant to Miranda v. Arizona.[1] Bryceland agreed to waive those rights and speak to the detective. He did not assert his Fifth Amendment right to silence. Bryceland was charged with first degree robbery and second degree driving with license suspended. He pleaded guilty to the charge of driving with license suspended.

While in jail pending trial, Bryceland made multiple phone calls that were recorded. One of the phone calls was with an unidentified woman who advised Bryceland to think about how he was going to prove his innocence. Bryceland replied that he "came up with all that already." Exhibit 35 at 9.

At a pretrial hearing for the robbery charge, Bryceland argued that portions of the jail call should be excluded as an impermissible comment on the

---

[1] 384 U.S. 436, 88 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

right to silence, and because they were irrelevant. The court rejected these arguments and admitted portions of the call.

At trial, Detective Thuring testified that during his interview, Bryceland was tired and fidgety, and that he talked in circles. Defense counsel did not object to this testimony. Bryceland was convicted of first degree robbery. He appeals.

## DISCUSSION

### Testimony about Police Interview

Bryceland argues for the first time on appeal that Detective Thuring's description of his behavior during interrogation was an impermissible comment on his right to silence. The State contends that Bryceland did not preserve this issue because he did not object to the testimony at trial.

Generally, we do not consider arguments raised for the first time on appeal. RAP 2.5(a). But a defendant may appeal a manifest error affecting a constitutional right even if the issue was not raised before the trial court. RAP 2.5(a)(3). The defendant must identify a constitutional error and show that it resulted in actual prejudice, which means that it had practical and identifiable consequences in the proceeding. State v. Roberts, 142 Wn.2d 471, 500, 14 P.3d 713 (2000).

Bryceland does not meet the first prong of this test. He does not raise an issue affecting a constitutional right, because he does not contend that he invoked his constitutional right to remain silent. State v. Seeley, 43 Wn. App. 711, 714, 719 P.2d 168 (1986) (citing Anderson v. Charles, 447 U.S. 404, 408, 100 S. Ct. 2180, 65 L. Ed. 2d 222 (1980)) ("a defendant who voluntarily speaks after

receiving Miranda warnings has not been induced to remain silent."); State v. Clark, 143 Wn.2d 731, 765, 24 P.3d 1006 (2001) ("When a defendant does not remain silent and instead talks to police, the state may comment on what he does not say.") (citing State v. Young, 89 Wn.2d 613, 621, 574 P.2d 1171 (1978)). It is undisputed that Bryceland received Miranda warnings, waived his constitutional right to silence and agreed to speak to the detective. Because Bryceland did not assert his right to silence, and was not silent, he cannot show that Detective Thuring's testimony implicated his constitutional right to silence. We decline to review this issue under RAP 2.5(a)(3).

<u>Admission of Jail Call</u>

Bryceland argues that the trial court erred by admitting certain statements made during a jail phone call about defense strategy. He contends the statements were an improper comment on his right to not testify and improperly shifted the burden of proof from the State to him. In the alternative he argues that the statements were not relevant and unfairly prejudicial, so the trial court abused its discretion in admitting them. The State argues that the statements were not a comment on Bryceland's decision to not testify, and that they were properly admitted as adoptive admissions demonstrating consciousness of guilt.

A criminal defendant has the right to not testify, and exercise of that right may not be used to imply guilt. State v. Mendes, 180 Wn.2d 188, 194-95, 322 P.3d 791 (2014). Courts consider two factors to determine whether a statement impermissibly comments on a defendant's silence: (1) whether the prosecutor manifestly intended the remarks to be a comment on the defendant's exercise of

No. 76738-1-I/5

his right not to testify and (2) whether the jury would naturally and necessarily interpret the statement as a comment on the defendant's silence. State v. Barry, 183 Wn.2d 297, 307, 352 P.3d 161 (2015) (citing State v. Crane, 116 Wn.2d 315, 331, 804 P.2d 10 (1991)).

> In the jail call, Bryceland and a woman discussed his defense:
>
> Female voice: So, they're gonna say, Kyle, why did you drive said car to the destination to take a bag out and put it in the trunk? Why are...Why did the owner of this car happen to be in a place that you...you know...supposedly dropped him? How...how did this all...you...you gotta understand. They're gonna try to paint the picture. How did all these events happen? Why? How? Where? And who? And they're gonna try to back evidence and they're gonna do all this stuff to prove you guilty.
> Male voice: Yah.
> [Break in recording]
> Female voice: Well ... you know ... you just gotta really think like what is gonna prove your innocence. How... how you gonna prove this to people who are gonna sit there and interrogate you? Why were you here? You have to come up with ... with like an answer.
> Male voice: Ah well. I came up with all that already (inaudible)

Exhibit 35 at 9.

Bryceland argues that the statements are an implied comment on his right to silence and shift the burden of proof. We disagree. The first part of the statement discusses how Bryceland might defend himself, but never mentions silence. It is not an impermissible comment on Bryceland's silence. And while the statement mentions things that the State will do to prove Bryceland's guilt, it does not suggest that Bryceland bears the burden of proving his innocence.

The second part of the statement does not appear to discuss Bryceland's exercise of his right to silence at trial. Rather, it discusses interrogation, which is commonly understood to take place with police officers before trial. And because

5

Bryceland did not assert his pre-trial right to silence, the second statement is not a comment on the exercise of that right. In addition, while there is mention of Bryceland proving his innocence, viewed in context the statement does not shift the burden of proof to Bryceland. First, as discussed, the statement appears to refer to a police interrogation and not a trial. The burden of proof is not at issue in that context. And second, the statement occurs during a general discussion about how to prepare a defense with a friend who does not appear to be a lawyer.

Under these circumstances, a jury would not naturally and necessarily consider the statement a comment on silence or conclude that Bryceland bore the burden of proving his innocence. This is especially so in light of the trial court's instructions on these issues. The jury was instructed to not infer guilt from the fact that the defendant has not testified. The jury was also instructed that the State solely bore the burden of proving each element of the crime and that Bryceland bore no burden to prove his innocence. We presume the jury follows the court's instructions. State v. Kalebaugh, 183 Wn.2d 578, 586, 355 P.3d 253 (2015).

Bryceland also argues that the statements were irrelevant and prejudicial and that the trial court abused its discretion by admitting them. The State contends the statements were adopted by Bryceland and were relevant to show consciousness of guilt. We agree with the State. When an incriminating statement is made in the presence of the accused, and the accused does not deny, contradict, or object to it, the statement and the failure to deny are

6

admissible as evidence of acquiescence in its truth. State v. Neslund, 50 Wn. App. 531, 550, 749 P.2d 725, (1988) (citing State v. Redwine, 23 Wn.2d 467, 470, 161 P.2d 205 (1945)), overruled on other grounds, State v. Robinson, 24 Wn.2d 909, 917, 167 P.2d 986 (1946). Here, Bryceland appeared to acquiesce to the idea that he needed to come up with an explanation for his presence at the scene of the robbery and indicated that he had already done so. The exchange is relevant as evidence of potential fabrication by Bryceland when talking with police or preparing his defense.

We also reject Bryceland's argument that the evidence should have been excluded as unfairly prejudicial. Unfair prejudice requires more than testimony which is simply adverse to the opposing party. State v. Gould, 58 Wn. App. 175, 180, 791 P.2d 569 (1990). Bryceland argues that the statements are unfairly prejudicial because they show guilt absent direct evidence that he had prior knowledge of the robbery. But simply because the evidence is probative of guilt does not make it unfairly prejudicial. The relevance of the statements is not substantially outweighed by unfair prejudice. The trial court did not abuse its discretion when it admitted them.

Fees on Appeal

Because the State indicates that it will not seek fees in this case, we do not address Bryceland's argument that fees not be awarded.

No. 76738-1-I/8

Affirmed.

Specimen, J.

WE CONCUR:

Appelwick, J.

Becker, J.

8